## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-2171

**John Doe**

      **Plaintiff,**

  **v.**

**JUSTIN WILLIS; and**
**SUSANNE MARTINEZ**

      **Defendants.**

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs John Doe (a pseudonym) by and through his attorney, Brian A. Murphy of the Murphy Law Firm, LLC, asserts the following claims for relief against the above-named Defendants as follows:

### JURISDICTION AND VENUE

1. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. This action is brought against Defendants pursuant to 15 USC § 6851, because they stole intimate nude images of Plaintiff and electronically disclosed and distributed those images in or affecting interstate commerce using a means or facility of interstate commerce, without the consent of Plaintiff.

**2.** This Court also has jurisdiction to hear the Colorado state law claims under its pendant jurisdiction of 28 U.S.C. § 1367. *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). The requirements are met here as the non-federal claims arise "from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Id*. Colorado's statue addressing similar claims provides additional relief for the same or similar conduct. *C.R.S. § 13-21-1401, et. Seq.*

**3.** Venue is proper in the District of Colorado pursuant to *28 U.S.C. §1391* as the acts complained of and the agreements signed took place in Colorado, and all parties reside in Colorado.

**PARTIES**

**4.** Plaintiff resides in and is a resident of the state of Colorado.

**5.** Plaintiff is using a pseudonym rather than his real name as allowed by 28 U.S.C. §1391 to protect him from further public embarrassment and injury resulting from Defendants' illegal actions. A sealed Motion to Proceed Under Pseudonym will be filed as the second docket entry with the Court.

**6.** Upon information and belief and at all times relevant to this action, Defendant Justin Willis and Susanne Martinez are married and are residents of Colorado whose address is 10249 Lodestone Way, Parker, Colorado 80134.

**FACTUAL BACKGROUND**

**7.** Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

8.  At some point on or before August 2, 2023, Defendant Justin Willis accessed an old computer belonging to Plaintiff without authorization and copied photographs and documents showing the uncovered genitals and pubic area of Plaintiff and of Plaintiff engaging in sexually explicit conduct.

9.  At some point on or before August 2, 2023, Defendant Willis disclosed electronic copies of the photographs and documents referenced above to Defendant Martinez and provided her with copies of the same.

10. On or about August 2, 2023, Defendant Martinez disclosed electronic copies of the photographs and documents to a third person using Instagram.

11. Defendant Willis did not have Plaintiff's permission to disclose the photographs and documents referenced above to Defendant Martinez.

12. Defendant Martinez did not have Plaintiff's permission to disclose the photographs and documents referenced above to the third party to whom she sent the documents and photographs.

13. The targeted nature of the disclosure of the documents and photographs demonstrates that Defendants intended to cause harm to Plaintiff by making their unauthorized disclosures.

14. The images Defendants shared included images of Plaintiff's exposed penis.

15. The images Defendants shared included images of Plaintiff engaging in "sexually explicit conduct" as defined in subparagraphs (A) and (B) of section 2256(2) of title 18.

16. Plaintiff was identifiable in the images and documents disclosed by Defendants.

## FIRST CLAIM FOR RELIEF
Violations of 15 USC § 6851

**17.** Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

**18.** Defendants each individually disclosed without permission Plaintiff's intimate images through text messages and/or social media posts using their cell phones and/or computers.

**19.** Defendants knew that Plaintiff had not consented to such disclosures or recklessly disregarded the lack of consent.

**20.** Defendants did not obtain Plaintiff's consent to disclose the images.

**21.** Plaintiff's intimate visual depictions were disclosed, in or affecting interstate or foreign commerce or using a means or facility of interstate commerce, without the consent of Plaintiff.

**22.** Defendants' cell phones, the cell phone towers used to send and receive the images to those phones, the physical telephone lines and satellite signals used in the transmission of those images are all means and facilities of interstate commerce.

**23.** Instagram is also a means of interstate commerce, utilizes facilities in interstate commerce, and transmits such images across state lines for the purposes of engaging in interstate commerce.

**24.** Such disclosures were made by persons, the named Defendants above, who knew that, or recklessly disregarded whether, Plaintiff had not consented to such disclosure.

**25.** As provided in 15 USC § 6851, Plaintiff is entitled to obtain injunctive relief ordering the Defendants to cease display or disclosure of the visual depictions, plus liquidated damages

in the amount of $150,000 each, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred and all other appropriate relief from each Defendants individually.

## SECOND CLAIM FOR RELIEF
*Violation of C.R.S. § 13-21-1401, et. Seq.*

26. Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

27. Plaintiff suffered harm from Defendants' intentional disclosure of his private intimate images, including embarrassment and emotional distress.

28. Plaintiff did not consent to the disclosures of his private intimate images by either Defendant.

29. The images disclosed by each Defendant were private as that term is defined in C.R.S. § 13-21-1403(1)(b).

30. Defendants obtained the private images of by theft and then disclosed those images without permission.

31. Plaintiff has suffered harm as a result of Defendants' unauthorized sharing of Plaintiff's private images and documents.

32. Pursuant to C.R.S. § 13-21-1406, Plaintiff is entitled to recover from each Defendant individually:

(a) The greater of:

(I) Economic and noneconomic damages proximately caused by the defendant's disclosures or threatened disclosures, including damages for emotional distress whether or not accompanied by other damages; or

(II)

(A) Statutory damages not to exceed ten thousand dollars against each defendant found liable under this part 14 for all disclosures and threatened disclosures by the defendant of which the plaintiff knew or reasonably should have known when filing the action or which became known during the pendency of the action.

(B) In determining the amount of statutory damages under this subsection (1)(a)(II), consideration must be given to the age of the parties at the time of the disclosure or threatened disclosure, the number of disclosures or threatened disclosures made by the defendant, the breadth of distribution of the image by the defendant, and other exacerbating or mitigating factors.

(b) An amount equal to any monetary gain made by the defendant from disclosure of the intimate image; and

(c) Punitive damages as allowed under the law of this state other than this part 14.

(2) In an action under this part 14, the court may award a prevailing plaintiff:

(a) Reasonable attorney fees and costs; and

(b) Additional relief, including injunctive relief. *C.R.S. § 13-21-1406*.

## JOINT AND SEVERAL LIABILITY
*Civil Conspiracy to violate of 15 USC § 6851and C.R.S. § 13-21-1406*

**33.** Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

**34.** In addition to Defendant Willis individually illegally disclosing the private intimate images to Defendant Martinez, and Defendant Martinez individually disclosing Plaintiff's private intimate sexual images to a third party as alleged above, Defendants also acted in concert with the joint aim of damaging Plaintiff's reputation and causing him harm by disclosing the same images and documents.

**35.** Based on information and belief, the Defendants entered into an agreement with each other to disclose the private intimate sexual images of Plaintiff as described above in violation of 15 USC § 6851and C.R.S. § 13-21-1406.

**36.** Section 13-21-111.5(4) C.R.S. provides, in pertinent part, that: Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act. *Schneider v. Midtown Motor Co.*, 854 P.2d 1322, 1326 (Colo. App. 1992)

**37.** To establish a civil conspiracy in Colorado, a plaintiff must show: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result. *Nelson v. Elway,* 908 P.2d 102, 106 (Colo. 1995).

**38.** Federal law also recognizes that civil conspiracy gives rise to joint and several liability.

**39.** Defendants committed tortious or unlawful acts in furtherance of their agreement as described above.

**40.** Plaintiff suffered losses and damages as a result of Defendant's agreement to commit these wrongs against him.

**41.** Because, in addition to individually violating 15 USC § 6851and C.R.S. § 13-21-1406, Defendants also entered into a civil conspiracy to aid the other in their violations, Defendants are jointly and severally liable for the damages awarded against each Defendant individually on each claim.

## FOURTH CLAIM FOR RELIEF
*Request for Permanent Injunction Against Defendants*

42. Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

43. Plaintiff has requested a Temporary Restraining Order (TRO) and Preliminary Injunction against Defendants by separate Motion asking the Court to order both Defendants to cease display or disclosure of the visual depictions.  Plaintiff asks the Court to make this a permanent order at the conclusion of the case.

44. Pursuant to *15 USC § 6851(3)(A)(ii)*, "the court may, in addition to any other relief available at law, order equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction." *15 USC § 6851(3)(A)(ii)*.

45. Plaintiff also seeks a permanent injunction against both Defendants prohibiting them from engaging in any additional unlawful acts intended to harm Plaintiff using the stolen images and documents.

46. Plaintiff seeks any other appropriate injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. This matter be set for jury trial for all issues so triable;

B. An injunction preventing Defendants from the display or disclosure of the private intimate visual depictions and documents;

C. Judgment against Defendants individually as follows:

    a.  $150,000 statutory damages under 15 USC § 6851 against Defendant Willis;

    b.  $150,000 statutory damages under 15 USC § 6851 against Defendant Willis;

    c.  The greater of actual economic and noneconomic damages or $10,000 against Defendant Willis pursuant to C.R.S. § 13-21-1406;

    d.  The greater of actual economic and noneconomic damages or $10,000 against Defendant Martinez pursuant to C.R.S. § 13-21-1406

**D.** Punitive damages as allowed by law;

**E.** Costs, attorney fees, and such other and further equitable and legal relief as this Court deems just and proper;

**F.** An order that all Defendants are jointly and severally liable for all damages awarded against each Defendant individually.

Dated:   August 24, 2023

 s/ Brian A. Murphy_____
Brian A. Murphy
The Murphy Law Firm, LLC
10436 Melody Dr., STE 323
Northglenn, CO 80234
Phone: 303-536-7000
Fax: 303-320-0827
brian@brianmurphy.net
Attorney for Plaintiff