N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 23-cv-2171-REB-SBP

JOHN DOE,

    Plaintiff,

v.

JUSTIN WILLIS, and
SUSANNE MARTINEZ,

    Defendants.

## ORDER RE:  MOTION TO PROCEED UNDER A PSEUDONYM

**Blackburn, J.**

This matter is before me on the **Motion To Motion To Proceed Under a Pseudonym** [#3],[1] filed August 24, 2023.  I grant the motion in part and deny it without prejudice in part.

This case arises under section 1309 of the Violence Against Women Act Reauthorization Act of 2022, 15 U.S.C. § 6851, and Colorado's Uniform Civil Remedies for Unauthorized Disclosure of Intimate Images Act, § 13-21-1401 – 13-21-1409, C.R.S., both of which prohibit the non-consensual disclosure of intimate visual images of a person.  Given the nature of the subject of the suit, plaintiff moves to proceed under a pseudonym.

---

[1] "[#3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

I start from the premise that there is a right to public access of judicial records:

> [T]he fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view. Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.

***Doe v. Federal Bureau of Investigation***, 218 F.R.D. 256, 258 (D. Colo. 2003) (citation omitted)). That presumption extends to the identity of the parties to the suit: "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." ***Femedeer v. Haun***, 227 F.3d 1244, 1246 (10th Cir. 2000).[2] Indeed, "[t]he use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules," ***Lindsey v. Dayton-Hudson Corp.***, 592 F.2d 1118, 1125 (10th Cir.), ***cert. denied***, 100 S.Ct. 116 (1979), and the Federal Rules of Civil Procedure provide that "[a]n action must be prosecuted in the name of the real party in interest," **FED. R. CIV. P.** 17(a), and explicitly require the complaint "name all the parties," **FED. R. CIV. P.** 10(a).

Nevertheless, the Tenth Circuit has recognized a limited universe of circumstances in which a party's anonymity should be preserved:

> A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.

---

[2] The Tenth Circuit has noted, among other concerns, that if a party's name is absent from the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." ***Femedeer***, 227 F.3d at 1246. ***See also Doe v. Massachusetts Institute of Technology***, 46 F.4th 61, 68 (1st Cir. 2022) ("Lacking knowledge of the parties' names, the public could learn virtually nothing about a case outside the facts and arguments in the record.").

***Femedeer***, 227 F.3d at 1246 (quoting ***Doe v. Frank***, 951 F.2d 320, 324 (11th Cir. 1992)).  The decision whether to grant such a motion lies within my sound discretion.  ***M.M. v. Zavaras***, 139 F.3d 798, 802 (10th Cir. 1998).

This case satisfies at least the first and third of these criteria.  Plaintiff's claims involve matters of the most intimate and sensitive nature.  There is no significant public interest in knowledge of or access to such matters.  ***Femedeer***, 227 F.3d at 1246; ***Zavaras***, 139 F.3d at 802-03.[3]  Moreover, revealing plaintiff's identity plainly will incur, and thus compound, the very harm he already allegedly has suffered as a result of defendants' alleged disclosures.  ***See Doe v. Massachusetts Institute of Technology***, 46 F.4th 61, 66 (1st Cir. 2022) (noting in context of considering right to interlocutory appeal of order denying motion to proceed under a pseudonym:  "Once the litigant's true name is revealed on the public docket, the toothpaste is out of the tube and the media or other interested onlookers may take notice in a way that cannot be undone[.]"); ***Doe v. College of New Jersey***, 997 F.3d 489, 494 (3rd Cir. 2021) (granting right to interlocutory appeal in part because court "cannot anonymize a litigant's already publicized identity with a new trial.  That bell cannot be unrung.").  In addition, the Colorado statute, at least, specifically provides a plaintiff bringing a claim thereunder may proceed under a pseudonym.[4]  § 13-21-1405(1)(a), C.R.S.  I thus conclude plaintiff should be permitted to proceed pseudonymously.

---

[3] In addition, plaintiff represents his counsel sent defendants a cease-and-desist letter prior to filing this lawsuit identifying plaintiff.

[4] While the federal statute also includes an anonymity provision, the language thereof is somewhat less clear as to a plaintiff's right to anonymity throughout the entirely of the action.  ***See*** 15 U.S.C. § 6851(b)(3)(B) (permitting the court to allow the use of a pseudonym in granting injunctive relief).

However, the motion further requests the court "enter an Order prohibiting all Parties from disclosing Plaintiff's identity on all documents and pleadings filed with the Court and from identifying him to all individuals not involved in this case" (**Motion** ¶ 9 at 3), and further "ordering Defendants not to disclose any information in any of those circumstances which would lead to Plaintiff being readily identified by anyone familiar with the parties" (*id.* at 4). This request goes far beyond the authority which supports the availability of leave to proceed under a pseudonym and ventures instead into the realm of matters better addressed by a motion for protective order or injunctive relief. I am unwilling to grant such relief in the context of this motion. Accordingly, I deny the motion to that extent, albeit without prejudice.

**THEREFORE, IT IS ORDERED** that the **Motion To Motion To Proceed Under a Pseudonym** [#3], filed August 24, 2023, is granted in part and denied without prejudice in part as follows:

1. That the motion is granted insofar as it requests leave to proceed under a pseudonym; and

2. That in all other respects, the motion is denied without prejudice.

Dated September 22, 2023, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge