IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02171-REB-SBP

JOHN DOE,

    Plaintiff,

v.

JUSTIN WILLIS and
SUSANNE MARTINEZ,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A telephone Rule 16(b) Scheduling Conference was held on February 22, 2024, at 9:00 a.m. before Magistrate Judge Susan Prose. The parties who appeared are as follows:

Counsel for Plaintiff: Brian A. Murphy, Esq., The Murphy Law Firm, LLC, 10465 Melody Drive, Suite 323, Northglenn, CO 80234; Telephone Number: (303) 536-7000; E-Mail: brian@brianmurphy.net.

Counsel for Defendants: Tyler S. Gurnee, 8301 E. Prentice Ave., Suite 405, Greenwood Village, CO 80111.

### 2. STATEMENT OF JURISDICTION

1

The United States District Court for the District of Colorado has subject-matter jurisdiction. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. This Court also has jurisdiction to hear the Colorado state law claims under its pendant jurisdiction of 28 U.S.C. § 1367. *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:**

**Plaintiff is asserting four claims for relief against both Defendants based on their violations of 15 USC § 6851; *C.R.S. § 13-21-1401, et. Seq.*; Civil Conspiracy to violate *15 USC § 6851*and *C.R.S. § 13-21-1406*; as well as a request for permanent injunction.**
**All of Plaintiff's claims stem from Defendant's copying sexually explicit and nude photographs of Plaintiff without authorization to do so, and then sharing those images and documents with others without authorization to do so. Specifically, Defendant Justin Willis accessed an old computer belonging to Plaintiff without authorization and copied photographs and documents showing the uncovered genitals and pubic area of Plaintiff and of Plaintiff engaging in sexually explicit conduct. Defendant Willis then disclosed electronic copies of the photographs and documents referenced above to Defendant Martinez and provided her with copies of the same. Defendant Martinez then disclosed electronic copies of the photographs and documents to a third person using Instagram.**
**As stated in the Complaint, Defendants' actions were coordinated and they acted both individually and in concert, constituting a civil conspiracy, subjecting them to joint and several liability.**

b. **Defendant:**

Defendant Justin Willis denies that he accessed a computer belonging to Plaintiff without authorization and copied photographs and documents showing the uncovered genitals and pubic area of Plaintiff and Plaintiff engaging in sexually explicit conduct. Furthermore, Defendants assert as an affirmative defense that the Plaintiff consented to and/or waived objections to such activity based on a history of similar activity.

Defendants also assert the following affirmative defenses: 1) Plaintiff fails to state a claim upon which relief can be granted; 2) Plaintiff's claims are barred, in whole or in part, by the doctrines of assumption of risk and contributory negligence; 3) Plaintiff's

claims are barred, in whole or in part, by the doctrine of unclean hands; 4) Plaintiff's claims are barred, in whole or in part, because Plaintiff had no reasonable expectation of privacy; 5) Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendants have or had no right or ability to control; 6) Plaintiff's claims are barred, in whole or in part, because Defendants at all relevant times have not acted with malicious intent or vengefully and therefore Defendants' conduct is not within the scope of either the letter or intent of the statutory provisions upon which Plaintiff relies; 7) Plaintiff's claims are barred, in whole or in part, because Defendants have at all relevant times acted in good faith; 8) Plaintiff's claims are barred, in whole or in part, because the statutory provisions upon which they are predicated are unconstitutional; 9) Plaintiff's claims are barred, in whole or in part, because the statutes on which they are predicated are void for vagueness and overbreadth; 10) As a non-party to this action, Defendants affirmatively assert that Ursula Atabaeva and not Defendants bears legal responsibility for the alleged wrongdoing or harm asserted by the Plaintiff, and Defendants should therefore be absolved of any liability in the matter.

Defendants have also asserted counterclaims against the Plaintiff. Defendant Justin Willis asserts that the baseless accusations being made by Plaintiff are part of a broader scheme to undermine Defendant Justin Willis's reputation and ongoing business endeavors, including a mortgage company he recently established. The Plaintiff in this action has communicated false and disparaging information about Defendant Willis to several of Defendant's potential business partners with the clear intent to discourage these potential partners from engaging in business with Defendant Willis. Furthermore, Plaintiff has explicitly stated to third parties that his or her attacks on Defendant Willis are due to his financial stability and assets, including ownership of a home. This fact demonstrates that Plaintiff's intent in filing this action was to exploit the legal process for personal gain, rather than seeking a remedy for a legitimate grievance. Based on these facts, Defendant Willis asserts the following counterclaims: commercial disparagement per C.R.S. § 6-1-105, defamation, and abuse of process.

Other Parties:

Not applicable.

### 4. UNDISPUTED FACTS

The following facts are undisputed: The court confirmed with counsel at the Scheduling Conference that the parties are unable to agree to any undisputed facts at this time.

### 5. COMPUTATION OF DAMAGES

Plaintiff: As provided in 15 USC § 6851, Plaintiff is entitled to obtain injunctive relief ordering the Defendants to cease display or disclosure of the visual depictions, plus

liquidated damages in the amount of $150,000 each, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred and all other appropriate relief from each Defendants individually. It is possible that there were additional unauthorized disclosures of the subject images and documents which will give rise to additional damages under the statute.

Pursuant to C.R.S. § 13-21-1406, Plaintiff is entitled to recover additional statutory damages of $10,000 from each Defendant, unless it is discovered during discovery that actual damages are greater than this amount. Defendants should be jointly and severally liable for all damages.

Defendants: For Defendants' counterclaim of commercial disparagement, Defendants are entitled to recover actual and consequential damages for the noneconomic losses of impairment to Defendants' reputation, physical and mental pain and suffering, inconvenience, emotional stress, fear, anxiety, embarrassment, humiliation, and impairment of quality of life, as well as economic losses including loss of earnings or income, ability to earn money in the future, and injury to Defendants' credit standing in an amount to be determined at trial. Defendants are also entitled to recover costs and attorneys' fees to the extent allowed by law, and any other and further relief as the Court deems just and proper under the circumstances.

For Defendants' counterclaim of defamation, Defendants have suffered harm, including damage to their personal and professional reputation. Given the nature of the allegations, the harm can be presumed under the principle of slander per se. Defendants are entitled to recover actual and consequential damages for the noneconomic losses of impairment to Defendants' reputation, physical and mental pain

4

and suffering, inconvenience, emotional stress, fear, anxiety, embarrassment, humiliation, and impairment of quality of life, as well as economic losses including loss of earnings or income, ability to earn money in the future, and injury to Defendants' credit standing in an amount to be determined at trial. Defendants are also entitled to recover costs and attorneys' fees to the extent allowed by law, and any other and further relief as the Court deems just and proper under the circumstances.

For Defendants' counterclaim of abuse of process, Defendants are entitled to recover actual and consequential damages in an amount to be determined at trial for their harm, including physical pain and suffering, mental anguish, fear, anxiety, humiliation, embarrassment, indignity, and public disgrace. Defendants are also entitled to recover actual and consequential damages in an amount to be determined at trial for their court costs, reasonable attorneys fees, and other reasonable expenses in defending themselves in these proceedings, as well as the significant time in preparing for and attending to this proceeding, as well as loss of income and damage to their business. Defendants are also entitled to recover any other and further relief as the Court deems just and proper under the circumstances.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING
## UNDER FED. R. CIV. P. 26(f)

**Date of Rule 26(f) meeting.**

**February 15, 2024.**

**Names of each participant and party he/she represented.**
**Brian A. Murphy participated in the conference for the Plaintiff.**

**Carl J. Snider participated in the conference for the Defendants.**

**Statement as to when Rule 26(a)(1) disclosures were made or will be made.**
March 1, 2024.

**Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**
The timing of initial disclosures was changed due to Plaintiff's counsel's surgery. The content requirements shall not be changed. The parties will further supplement, as necessary, pursuant to Fed. R. Civ. P. 26(e).

**Statement concerning any agreements to conduct informal discovery:**
The parties agree to cooperate as required by the applicable rules. At this time, the parties have not agreed to conduct further informal discovery, although both counsel remain open to discussing doing so should that make sense for this case.

**Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties do not anticipate that their claims or defenses in this case are so complex that any other formal agreement need be reached in order to reduce discovery or litigation costs. Should the documents or discovery become cumbersome, the parties will discuss how to efficiently reduce discovery and other litigation costs. The parties will seek to use a unified exhibit numbering system for documents marked at depositions and for use at trial. Documents produced by either party shall be bates labeled. Additionally, if discovery calls for the production of confidential materials, the parties will confer regarding an appropriate protective order.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of

6

disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff does believe the most of the evidence in this case will be in the form of electronically stored information. At present, we do not believe it is an extensive amount of information. However, we will not know for sure until we see what Defendants have stored on their electronic devices.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed the possibility of early settlement, but will require the completion of disclosures and various discovery before being in a position to address the same.

## 7. CONSENT

All parties have **not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties agree to no more than ~~eight~~ 10 depositions per side, ~~excluding~~ including experts and the parties themselves. The parties agree to 25 interrogatories, including discrete subparts, per side.

b. Limitations which any party proposes on the length of depositions.

The parties agree that, without leave of Court, depositions shall be limited to the seven (7) hours permitted under the Rules. The parties will confer in good faith either in

7

advance or during the deposition of a deponent and agree to additional time if the need arises.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree to thirty (30) requests for production per side and thirty (30) requests for admission per side.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

All written interrogatories, requests for production of documents, and requests for admission shall be served on or before 45 days before the discovery cut-off, August 19, 2024. Responses to written discovery are to be served 30 days from service of the written discovery, unless the parties stipulate to, or the Court orders, a different time period.

e. Other Planning or Discovery Orders

**Not applicable at this time.**

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

**June 14, 2024.**

b. Discovery Cut-off:

**October 1, 2024**.

c. Dispositive Motion Deadline/Deadline for Motion Pursuant to Fed. R. Evid. 702:

**November 1, 2024**.

d. Expert Witness Disclosure

8

1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff:

Plaintiff anticipates hiring a forensic electronics expert to evaluate the involved electronic devices and services and to testify to their findings. Plaintiff may also need to retain an expert in the financial damages caused by Defendants' conduct.

Defendant:

Defendant anticipates hiring a similar forensic electronics expert to evaluate the involved devices and services and testify to their findings. Defendant also anticipates retaining a business expert to confirm the financial and business losses suffered by Defendants. Defendant also anticipates retaining a medical and/or psychological expert to establish the mental and physical pain and suffering experienced by Defendants.

2. Limitations which the parties propose on the use or number of expert witnesses.

A maximum of four (4) 2 specially retained expert witnesses per party side. The parties agree not to individually retain more than one expert in each field or subject matter.

3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 16, 2024**. This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information

applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C). Expert files are to be produced one week after designation of the expert.

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 6, 2024**. This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the Court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e.    Identification of Persons to Be Deposed:

Plaintiff:

1. **Defendants**
2. **Persons receiving the illegally disclosed images and documents.**
3. **Any expert endorsed by Defendants.**
4. **Any witness necessary to establish the illegal disclosures journey through cyberspace.**

Defendant:

1. **Plaintiff.**
2. **Persons receiving the illegally disclosed images and documents.**

3. Potential business partners of Defendant.

4. Any persons to whom Plaintiff made defamatory or disparaging remarks.

5. Any persons to whom Plaintiff has discussed their motivations in pursuing this action against Defendants.

6. Members of Defendant Willis's mortgage company.

7. Any expert endorsed by Plaintiff.

8. Any witnesses necessary to confirm or deny alleged illegal disclosures through cyberspace.

The parties reserve the right to depose additional witnesses subject to limitations otherwise expressly set forth in this Scheduling Order.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: **A telephonic Status Conference is set for August 12, 2024, at 1:30 p.m. before Magistrate Judge Susan Prose. The parties shall attend by calling 571-353-2301, Guest meeting ID- 868150043. All attendees shall please mute their phone when not speaking and not use speaker phone.**

b. **Counsel shall contact Judge Blackburn's chambers by email (Blackburn_Chambers@cod.uscourts.gov) within two business days of the Scheduling Conference to obtain dates for a final pretrial/trial preparation conference and trial.**

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.
   None at this time.

b. Anticipated length of trial and whether trial is to the court or jury.
   The parties anticipate a 5 day jury trial.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 22nd day of February, 2024.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

APPROVED:

THE MURPHY LAW FIRM, LLC


*S/ Brian A. Murphy*
_____
Brian A. Murphy
10465 Melody Drive, Suite 323
Northglenn, CO 80234
Telephone: 303-316-0813
E-Mail: brian@brianmurphy.net
*Attorney for Plaintiff*


BAKER LAW GROUP


*S/Tyler S. Gurnee*
_____
Carl Snider
Tyler S. Gurnee
8301 E. Prentice Ave., Ste. 405
Greenwood Village, CO 80111
Telephone: (303) 862-4564
Email: carl@jbakerlawgroup.com
          tyler@jbakerlawgroup.com
*Attorneys for Defendants*